# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No.  2:11-cr-00094-PMP-CWH-1 |
| vs. | ) **REPORT AND RECOMMENDATION** |
| ADAM BRENT WALLACE , | ) |
| Defendant. | ) |

    This matter is before the Court on Defendant's Motion to Suppress (#48), filed on October 31, 2012, and Defendant's Motion to Waive Untimely Objection (#49), filed on October 31, 2012. Defendant requests that the Court suppress all of the evidence seized from the computer that was taken by the Las Vegas Police on January 22, 2010.  He concedes that this motion was untimely filed, but does not provide any explanation for why it was not filed prior to entering a plea.  Indeed, an Amended Judgment was issued by the Honorable Philip M. Pro on January 11, 2012 in which Defendant pled guilty to count one of the indictment. *See* Amended Judgment (#34). Subsequently, Defendant's motion for voluntary dismissal of his appeal to the Ninth Circuit was granted on May 30, 2012. *See* Order of USCA (#45).  The case was closed on January 10, 2012.

    Federal Rule of Criminal Procedure 12 provides that a motion to suppress evidence must be made before trial.  Fed. R. Crim. Pro. 12(b)(3)(C).  It further states that a "party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides.  Accordingly, Defendant should have filed this motion to suppress prior to pleading guilty and the Court finds that he has not stated good cause to warrant its consideration at this time.

    Based on the foregoing and good cause appearing therefore,

# RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress (#48) be **denied**.

**IT IS FURTHER RECOMMENDED** that Defendant's Motion to Waive Untimely Objection (#49) be **denied**.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 2nd day of November, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**