UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

2013 OCT 15 P 2: 18

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:11-cr-094-PMP-CWH-1 |
| Plaintiff, | ) | MOTION TO DISMISS THE INDICTMENT |
| vs. | ) | FOR FAILURE TO STATE AN OFFENSE |
| ADAM BRENT WALLACE, | ) | |
| Defendant. | ) | |

COMES NOW, the Defendant, Adam Brent Wallace, Pro Se with this Motion To Dismiss The Indictment For Failure To State An Offense. And States:

## I.

## PROCEDRUAL HISTORY

On March 09, 2011, a federal grand jury in Nevada returned an indictment against Defendant for receipt and possession of child pornography.  CR 1.  On September 14, 2011, Wallace plead guilty pursuant to Plea Agreement filed.  CR 21.

## II.

## ARGUMENT

An indictment or information must meet the requirements of both the Due Process Clause and Federal Rule of Criminal Procedure 7.  Under the Due Process Clause, an indictment or information is sufficient if it "First, contains the elements of the offense charge and fairly informs a defendant of the charge against which he must defend, and Second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87,117, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974).  Federal Rule of Criminal Procedure 7 requires that an indictment or information

"be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead Double Jeopardy." United States v. Buckley, 689 F. 2d 893,896 (9th Cir. 1982).

In United States v. Root, 366 F.2d 377 (9th Cir. 1966), the 9th Circuit Court of Appeals said:

> To Test the sufficiency of an indictment by grand jury returned against appellees Root and Forde and the validity of the order of the District Court dismissing the indictment on motion of the appelless, from which order the United States appeals, the indictment will be dissected and each essential part discussed to determine if it meets the following requirements:
>
> (1)  Does it contain the essential elements of the statue?
>
> (2)  Is the language clear or is it ambiguous, not readily understood, contradictory or confusing?
>
> (3)  Does it adequately advice the appellees of the Nature of the crime with which they are charged so they may defend against it?

## THE INDICTMENT CONTAINS:

### COUNT ONE
### Receipt of Child Pornography

From an unkown time to on or about August 29, 2009, in the State and Federal District of Nevada,

### ADAM BRENT WALLACE,

defendant herein, did knowingly receive any child pornography, as defined in Title 18,United States Code, Section 2256(8), that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and that had been shipped and transported using any means and facility of interstate and foreign commerce, in violation of Title 18,United States Code, Section 2252A(a) (2) and (b).

-3-

## COUNT TWO
### Possession of Child Pornography

From an unknow time to on or about August 29, 2009, in the State and Federal District of Nevada,

**ADAM BRENT WALLACE,**

defendant herein, did knowingly possess material which contains an image of child pornography, as definded in Title 18, United States Code, Section 2256(8), that had been shipped and transported using any means and facility of interstate and foreign commerce had been shipped and transported in and affecting interstate and foreign commerce, and was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, including by computer, in violation of Title 18, United State Code, Section 2252A(a)(5)(B).

## FORFEITURE ALLEGATION

As a result of committing the offenses in violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(a)(5)(B), set forth above,

**ADAM BRENT WALLACE,**

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code Sections 2253(a)(1) and 2253(a)(3), all visual depictions described in Title 18, United States Code, Sections 2251, 2251A, 2252, and 2252A and all items containing such visual depictions, which were transported, shipped and received in violation of Title 18, United States Code, Section 2252A and all property, real and personal used and intended to be used to commit and promote the commission of the aforestated offense, including but not limited to, the following properties: A Everex laptop computer, model number NM3500W; a Fujitsu 60GB IDE hard drive, serial number NSA1T642K1FG; and computer images, including movie files, depicting a minor engaging in sexually explicit conduct and the diskettes

and hard drives on which they are maintained.

The indictment did not contain the 3Rd element of the charge offense. The failure of an indictment to detail each element of the charge offense generally constitutes a fatal defect. Batchelor v. United States, 156 U.S. 426, 15 S. Ct. 446, 39 L. Ed. 478 (1985); United States v. King, 587 F.2d 956,963 (9th Cir. 1978); United States v. Morrison, 536 F.2d 286, 288 (9th Cir. 1976); United States v. Root, 366 F.2d 377 (9th Cir. 1966), Cert. denied, 386 U.S. 912, 87 S. Ct. 861, 17 L. Ed. 2d 784. It is of paramount importance to the rights of the accused that the indictment contain an adequate recitation of each component of the crime that the government must establish.  One test used to evaluate the sufficiency of an indictment is "Whether the indictment" contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet." Russel v. United States, 369 U.S. 749, 763, 82 S. Ct. 1038, 1047, 8 L. Ed. 2d 240 (1962), Quoted in United States v. Pheaster, 544 F.2d 353, 360 (9th Cir. 1976).

**Wallace's Guilty Plea**

The objection that the indictment fails to charge an offense is not waived by a guilty plea.  The entry of a guilty plea does not act a waiver of jurisdictional defects such as an indictment's failure to charge an offense.  United States v. Di Fonzo, 603 F.2d 1260 (7th Cir. 1979), Cert. denied, 444 U.S. 1018, 100 S. Ct. 672, 62 L. Ed. 2d 648 (1980); United States v. Broncheau, 597 F.2d 1260 (9th Cir.), Cert. denied, 444 U.S. 859, 100 S. Ct. 123, 62 L. Ed. 2d 80 (1979) Wallace's guilty plea does not bar reversal of his conviction.  See Launius v. United States, 575 F.2d 770 (9th Cir. 1978); United States v. Macklin, 523 F.2d 193 (2nd Cir. 1975).

## III.

## CONCLUSION

In United States v. Meacham, 626 F.2d 502 (5th Cir. 1980) the 5th Circuit Court of Appeals have said:

that jurisdictional defect was one which could not have been waived at any stage of defendant's criminal proceedings.

With that said, the Defendant ask this Court to consider whether or not that Wallace's Indictment meets the requirement's in United States v. Root, 366 F.2d 377 (9th Cir. 1966).

Wherefore, the Defendant ask this Honorable Court to grant this Motion To Dismiss the Indictment for failure to state an offense without prejudice because the Indictment did not contain the 3rd elements of the charge offense.

DATED:   October 9th, 2013

Respectfully Submitted,

Adam Wallace, Pro Se
R# 16069-043
FCI OAKDALE
PO BOX 5000
OAKDALE LA 71463

IT IS ORDERED THAT FOR THE REASONS SET FORTH IN THE GOVERNMENT'S RESPONSE  (DOC. # 103), DEFENDANT WALLACE'S MOTION TO DISMISS (DOC. # 99) IS DENIED.

PHILIP M. PRO, U.S. District Judge
October 28, 2013

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:11-cr-094-PMP-CWH-1 |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| vs. | ) | |
| ADAM BRENT WALLACE, | ) | |
| Defendant. | ) | |

The Defendant hereby certifies that the foregoing **Wallace's Motion To Dismiss the Indictment for failure to state an offense,** was served on the following:

Adam M. Flake AUSA
United States Attorney's Office
333 LAS VEGAS BLVD SOUTH SUITE 5000
LAS VEGAS NV 89101

via U.S. Mail, on this 9th day of October, 2013

Adam Wallace, Pro Se

-6-