UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ADAM BRENT WALLACE, ) <br> ) <br> Defendants. ) <br> ) | Case No.  2:11-cr-00094-PMP-CWH <br><br> **ORDER / REPORT AND RECOMMENDATION** |

This matter was referred to the undersigned on the following motions: Defendant's Motion to extend Time to File Notice of Appeal (#115), filed January 10, 2014; Defendant's Motion to Dismiss CJA Appointed Attorney (#116), filed January 10, 2014; Defendant's Motion for Leave to Proceed *In Forma Pauperis* (#118), filed January 10, 2014; and Defendant's Motion to Dismiss the Indictment (#121), filed February 14, 2014.

**BACKGROUND**

This case has an extensive history.  The Grand Jury returned an indictment on March 9, 2011, charging Defendant Wallace ("Wallace") with one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and two counts of possession of child pornography in violation of 18 U.S.C. § 2252(a)(5)(B).  (#1).  On September 14, 2011, Wallace entered into a plea agreement wherein he pled guilty to receipt of child pornography in violation of section 2252(a)(2). All other charges were dismissed.  *See* Plea Memorandum (#21).  Wallace also agreed to waive his right to appeal any sentence imposed that fell within or below the applicable sentencing guidelines. *Id*.  Judgment was entered on January 10, 2013.  (#31).  Wallace received 97-months imprisonment with credit for time served and lifetime supervision.  (#34).  Immediately following the entry of

judgment, Wallace's court-appointed attorney withdrew. (#35). Wallace was appointed counsel from the Court's CJA Panel for purposes of pursuing an appeal. (#36). The first notice of appeal was filed on January 20, 2012. (#37). Approximately four months later, on May 30, 2012, Wallace voluntarily dismissed his appeal. (#45).

Thereafter, on October 31, 2012, approximately five months after the voluntary dismissal of his appeal, Wallace filed a motion to suppress evidence. (#48). The undersigned issued a recommendation that the motion be denied as untimely, which was affirmed. (#52). After denial of the motion to suppress, Wallace filed a motion to vacate under 28 U.S.C. § 2255 (#53), a motion for appointment of counsel (#54), and a motion to proceed *in forma pauperis* (#55). The motion to proceed *in forma pauperis* (#55) was granted while the motion for appointment of counsel (#54) was denied. (#57). In response to the section 2255 motion (#53), the Government argued that the reason offered by Defendant–ineffective assistance of counsel– was insufficient to support the requested relief. Primarily, the Government argued that the failure to file a non-meritorious motion to suppress did not constitute ineffective assistance of counsel. (#61). Ultimately, the Court denied the section 2255 motion finding that Defendant "failed to demonstrate that the performance of his attorney . . . was ineffective under the standards established . . . in *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny." The Court further held that "the circumstances under which child pornography was discovered on Defendant's laptop by a pawn shop employee does not constitute a violation of Defendant's [] Fourth Amendment rights and provides no basis for the filing of a motion to suppress evidence." (#66). Defendant appealed the Court's denial of his section 2255 motion. (#68). The motion for certificate of appealability was denied. (#73) (#75).[1] Ultimately, the request for appealability was denied by the Ninth Circuit pursuant to 28 U.S.C. § 2253(c)(2) and all pending motions were denied as moot. (#84).

Not to be detoured, Wallace filed another motion for the Court to consider an untimely

---

[1] Between the denial of his motion for certificate of appealability (#75) and the denial of his appeal (#84), Wallace filed what he identified as a motion to separate the docket (#77) and a motion for disclosure of grand jury matter (#80). Wallace's motion (#77) was denied for failure to clearly identify the relief sought. (#78). His motion (#80) was also denied. (#82).

motion to suppress (#86), which was denied. (#87). Thereafter, he filed a motion for appointment of counsel (#88) and a third appeal with the Ninth Circuit, this one on the order denying his untimely motion to suppress. (#89). The motion for appointment of counsel was denied (#90) as was a motion for reconsideration (#91) filed under Fed. R. Civ. P. 60(b). (#94). On September 25, 2013, Wallace filed another appeal on the Court's order denying his request for appointment of counsel (#95), which he later withdrew in favor of his notice of appeal at docket entry (#98). On October 21, 2013, the Ninth Circuit remanded the case for the limited purpose of granting or denying a certificate of appealability. (#100). Thereafter, the Court issued an order denying the certificate of appealability on the notices of appeal (#89) and (#98). (#102). Consequently, the Ninth Circuit issued an order that the request for certificate of appealability be denied along with all pending motions. (#109). On October 15, 2013, Wallace filed another motion to dismiss the indictment on the ground that the underlying indictment was insufficient. (#99). The motion was denied. (#104). On November 6, 2013, Wallace filed what appears to be his sixth notice of appeal challenging the order denying his motion to dismiss. (#105). Wallace also filed a motion for reconsideration, which was denied. (#108) (#112). The Ninth Circuit also denied the request for a certificate of appealability. (#113).

Approximately one month after Wallace's sixth notice of appeal was denied, on January 10, 2014, Defendant submitted another group of motions, which included: Plaintiff's Motion to Extend Time to File a Notice of Appeal (#115), Plaintiff's Motion to Dismiss CJA counsel (#116), and Plaintiff's Motion to Proceed *In Forma Pauperis* (#118). Concurrent with these motions, Defendant filed a notice of appeal seeking reinstatement of his appeal of the judgment in this matter. (#117). After receipt of the motion, the Ninth Circuit served it on Wallace's counsel of record, Mario D. Valencia, and requested that he file a response. (#120). On March 6, 2014, after receiving the requested response, the Ninth Circuit entered an order denying the motion to reinstate the closed appeal and dismissing it as untimely under Fed. R. App. P. 4(b)(1)(A). (#123) (#124).

Against this procedural backdrop, the undersigned will address Wallace's pending motions (#115), (#116), and (#118). The undersigned will also address Wallace's recently filed Motion to Dismiss Indictment (#121), which is based on alleged procedural defects.

# DISCUSSION

**1. Defendant's Motion/Application to Proceed *In Forma Pauperis* (#118)**

Wallace has already been approved to proceed *in forma pauperis* in this matter. He submitted his application (#55) on December 20, 2012, which was was reviewed and approved by the Court. (#57). This motion is moot as Wallace's request to proceed *in forma pauperis* was previously granted and has not been revoked.

**2. Defendant's Motion to Dismiss CJA Appointed Attorney (#116)**

Based on the record, it appears that Wallace was represented through his first appeal by appointed CJA counsel. His most recent appeal, which sought to reinstate his first appeal, was denied as untimely after his CJA counsel filed a response with the Ninth Circuit. (#123) (#124). The undersigned is unaware of any authority requiring appellate counsel to remain on a case after completion of the first appeal. The right to appointed counsel extends only to the first appeal. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The appeal having thus concluded and Wallace having requesting removal of his counsel, the motion to dismiss CJA counsel will be granted.

**3. Defendant's Motion to Extend Time (#115)**

By way of this motion, Wallace requests an extension of time to file an appeal under Fed. R. App. P. 4(b)(4). This request appears to have been addressed by the Ninth Circuit when it denied Wallace's request to reinstate his appeal as untimely under Fed. R. App. P. (4)(1)(A) after reviewing a response from Wallace's appointed counsel. (#124). Consequently, it appears the motion is moot. Nevertheless, Federal Rule of Appellate Procedure 4(b)(4) permits an extension of time to file a notice of appeal upon (1) a finding of excusable neglect or good cause (2) for a period "not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." The applicable rule requires that a "notice of appeal must be filed in the district court within fourteen days after the later of" the entry of the judgment or order being appealed or the filing of the government's notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i) and (ii). Wallace's request for an extension was filed approximately two years after entry of judgment and is, therefore, untimely.

**4. Defendant's Motion to Dismiss Indictment (#121)**

By way of this motion, Wallace requests that the Court dismiss the indictment returned by

the Grand Jury (#1) based on a procedural defect. Specifically, Wallace claims that the failure by the prosecuting attorney to include a Nevada bar number in the heading located above the caption of the case on the indictment deprived the Court of jurisdiction because it was not clear on the face of the indictment that the prosecuting attorney was authorized to represent the United States.

The motion fails because it is untimely under Fed. R. Crim. P. 12(c). Even assuming it were timely, the motion fails because, as the Government points out in its opposition (#122), the Local Rule in question requires "[t]he name, address, telephone number, fax number, and <u>Nevada State Bar number, **if any**</u> . . . ." Local Criminal Rule 47(6)(a) (emphasis added). The prosecuting attorney referenced by Wallace is licensed to practice in California with permission to practice in this court while he is employed as an Assistant United States Attorney. *See* Local Rule IA 10-3 ("Unless otherwise ordered by the Court, any nonresident attorney who is a member in good standing of the highest court of any state, commonwealth, territory or the District of Columbia, who is employed by the United States as an attorney and, while being so employed, has occasion to appear in this Court on behalf of the United States, shall, upon motion of the United States Attorney . . . be permitted to practice before this Court during the period of such employment."). Consequently, the failure to include a Nevada State bar number does not violate the rule. The Court further notes that Wallace does not challenge the nature or contents of the indictment and does not indicate he suffered any prejudice from an error in the body of the indictment.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss CJA Appointed Attorney (#116) is **granted**.

**IT IS FURTHER ORDERED** that Defendant's Motion/Application for Leave to Proceed *In Forma Pauperis* (#118) is **denied as moot**.

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Extend Time (#115) be **denied**.

**IT IS FURTHER RECOMMENDED** that Defendant's Motion to Dismiss Indictment (#121) be **denied**.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: March 26, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**