1
2
3
4            **UNITED STATES DISTRICT COURT**
5                  **DISTRICT OF NEVADA**
6                         * * *
7    UNITED STATES OF AMERICA,
8                     Plaintiff,          Case No. 2:11-cr-00094-KJD-CWH
                                                   2:15-cv-00526-KJD-CWH
9         v.
                                                **ORDER**
10   ADAM BRENT WALLACE,
11                   Defendant.
12
13          Before the Court is Defendant Adam Brent Wallace's Motion under 28 U.S.C. § 2255 to
14   Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#144). Also before the
15   Court is Defendant's Motion for Appointment of Counsel (#146). Defendant also filed a Motion
16   to Dismiss for Failure to State an Offense (#147) which the Court will construe as another
17   § 2255 motion. The Government filed a response in opposition (#148) to which Defendant has
18   replied (#149). The Court recognizes that Defendant is *pro se*, and has construed his pleadings
19   liberally.
20   I. Background
21          In 2011, Defendant pleaded guilty to receipt of child pornography (#21/22). The district
22   court subsequently sentenced Defendant to 97 months' imprisonment followed by a lifetime of
23   supervised release (#31). Defendant filed a § 2255 motion (#53), which the district court denied
24   (#66). Later, Defendant filed the present motions.
25   ///
26   ///

II. Analysis

A) Defendant's Motions to Vacate under U.S.C. § 2255 (#144/147)

This is Defendant's second and third § 2255 motions filed with this Court. 28 U.S.C. § 2255 provides that:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Ninth Circuit has not certified any second or successive motions. Consequently, this Court must deny Defendant's § 2255 motions.

B) Defendant's Motion for Appointment of Counsel (#146)

Defendant has no right to further counsel. As explained in Pennsylvania v. Finley, 481 U.S. 555 (1987)

> [T]he right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals. Wainwright v. Torna, 455 U. S. 586 (1982); Ross v. Moffitt, 417 U. S. 600 (1974). We think that, since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, a fortiori he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process. See Boyd v. Dutton, 405 U. S. 1, 405 U. S. 7, n. 2 (1972) (POWELL, J., dissenting).

However, an indigent petitioner seeking relief under 28 U.S.C. § 2255 may move the court for appointment of representation to pursue that relief. 18 U.S.C. § 3006(A)(2)(B). The court has discretion to appoint counsel when the interest of justice so requires. 18 U.S.C. § 3006(A)(2). The interest of justice so requires where the complexities of the case are such that denial of counsel would amount to a denial of due process. See Brown v. United States, 623 F.2d

54, 61 (9th Cir. 1980). Here, the Court has reviewed the documents and pleading on file in this matter and finds that appointment of counsel is not warranted. Defendant's only recourse is to obtain an order from the appropriate court of appeals authorizing the district court to consider the motion. See Rule 9, Rules Governing § 2255 Proceedings. Therefore, the Court denies Defendant's Motion to Appoint Counsel.

III. Conclusion

Accordingly, it is **HEREBY ORDERED** that Defendant's Motions under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#144/147) are **DENIED**;

**IT IS FURTHER ORDERED** that Defendant is **DENIED** a certificate of appealability;

**IT IS FINALLY ORDERED** that Defendant's Motion for Appointment of Counsel (#146) is **DENIED**.

DATED this __2nd___ day of July 2015.

_____
Kent J. Dawson
United States District Judge