UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM BRENT WALLACE,<br><br>Defendant. | Case No. 2:11-cr-0094-KJD-CWH<br><br>ORDER |

Presently before the Court are Defendant's Motions and Petitions (#159/170/175/176/177/181). Defendant's initial appeal following his guilty plea and sentencing was voluntarily withdrawn, because Defendant had knowingly waived his right to appeal his conviction and low-end guideline sentence. Defendant has previously filed two (2) motions arising under 28 U.S.C. § 2255. Both motions were denied: one on the merits (#66) and another for failure to receive permission of the Ninth Circuit to file a second or successive petition (#150) as required by 28 U.S.C. § 2255(h). Appeals of both motions were dismissed after Defendant failed to obtain certificates of appealability.

Defendant has also filed numerous motions, post judgment, to dismiss his indictment, for reconsideration, and for other forms of relief which essentially attack his conviction. Currently, Defendant has filed a bevy of motions seeking relief under Civil Rule of Procedure 60, writs of error *coram nobis*, and to reopen his original § 2255. Defendant cannot make these motions under 28 U.S.C. § 2255 because he is no longer in federal custody on his sentence and because he has not obtained permission to file a second or successive petition in accordance with 28 U.S.C. § 2255(h).

Like his previous attempts, his most recent attempts at setting aside his conviction for receipt of child pornography must be dismissed. First, Defendant cannot meet the high bar for obtaining a writ of *coram nobis*. "[A] petitioner must show the following to qualify for *coram nobis* relief: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." <u>Hirabayashi v. United States</u>, 828 F.2d 591, 604 (9th Cir. 1987). Regardless of the merits of his motion, which are not good, Defendant cannot meet the second prong of <u>Hirabayashi</u> because he failed, without cause, to raise his argument based on <u>U.S. v. Davenport</u>, 519 F.3d 940 (9th Cir. 2008) earlier. Therefore, Defendant's petition for a writ of error *coram nobis* is denied.

Further, Defendant's motion to reopen his § 2255 motion must be denied. With respect to Rule 60(b), in <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005), the Supreme Court held that a prisoner may not rely on Rule 60(b) to raise a new claim in federal habeas proceedings that would otherwise be barred as second or successive under § 2254. <u>Id.</u> at 531. Because § 2254 is nearly identical to § 2255 in substance, the Ninth Circuit and several others have applied <u>Gonzalez</u> to Rule 60(b) motions to reopen § 2255 proceedings. See <u>United States v. Buenrostro</u>, 638 F.3d 720, 722 (9th Cir. 2011) (collecting cases). Wallace has not sought the authorization necessary to file a successive 28 U.S.C. § 2255 petition. See 28 U.S.C. §§ 2244, 2255(h). Defendant's remaining arguments lack the specificity to be addressed. Therefore, Defendant's claims under Rule 60(b) and (d) are dismissed.

Finally, Defendant is unable to demonstrate that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000). Therefore, the Court cannot grant Defendant a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motions and Petitions (#159/170/175/176/177/181) are **DENIED**;

///

///

IT IS FURTHER ORDERED that Defendant is **DENIED a Certificate of Appealability.**

Dated this 30th day of October, 2019.

_____
Kent J. Dawson
United States District Judge